UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CHARLES S. HARTZOL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-4115 |
| | ) | |
| JOSEPH SWING, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>SUMMARY JUDGMENT ORDER</u>**

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment claims for excessive force, inhumane conditions of confinement, and deliberate indifference to a serious medical need. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 30). The motion is granted.

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

As an initial matter, Plaintiff did not respond to Defendants' motion for summary judgment despite being advised of the consequences for failing to do so. (Doc. 31). The Court considers the facts asserted in Defendants' motion as undisputed for purposes of this ruling. Fed. R. Civ. P. 56(e)(2).

Plaintiff filed this lawsuit on June 22, 2022. (Doc. 1). He alleged in his complaint that Defendants used excessive force against him, denied access to a bathroom, and denied or obstructed his access to medical treatment. (Docs. 1, 13). Plaintiff filed a grievance on February 10, 2022, alleging denial of medical care following the alleged use of excessive force. His counselor responded to Plaintiff's grievance filed February 10, 2022, on February 14, 2022. UMF 4. Plaintiff took no further actions on this grievance. *Id.*

Plaintiff filed a grievance dated March 30, 2022, that, according to time stamps, the grievance office did not receive until August 2022. (Doc. 30-2 at 6). Plaintiff stated in the grievance that Defendant Swing slammed his wrist in the chuckhole, that the toilet in his cell was inoperable, and that Defendants McCune and Ford did not facilitate medical treatment. UMF 5; (Doc. 30-2 at 6-7). The counselor responded on August 18, 2022. The grievance officer recommended denial of the grievance on August 26, 2022, based upon an investigation that did not substantiate Plaintiff's allegations. (Doc. 30-2 at 5). The CAO concurred on August 30, 2022. *Id.* The ARB denied Plaintiff's appeal on its merits on December 5, 2022. *Id.* at 1.

The PLRA requires full exhaustion prior to filing suit; a prisoner may not exhaust administrative remedies while a lawsuit was pending. *Chambers v. Sood*, 956 F.3d 979, 984 (7th

Cir. 2020); *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004). Plaintiff filed suit before the

exhaustion process was completed. The Court finds that Plaintiff failed to fully exhaust

administrative remedies as required.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [30] is GRANTED. This case is dismissed without prejudice. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 23rd day of May, 2023.

*s/Sara Darrow*
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
